*210 THIS is an action of debt against Richard Crump &nd twenty-eight securities, on a bond for the prison bounds, for not keeping within the .rules established and demarked around the. county jail.
Among different pleas filed, the defendants pleaded, «that Andrew Biggs the jailer who had taken and assigned the bond) was not jailer of the county, as the plaintiff had declared ; and as such, had no right to assign the said bond to the plaintiff below.”
To this plea there is a demurrer copied in the re. cord, and also a joinder thereto. There is also a re. plication to the same plea, alleging « that said Biggs, at the time of the execution of the bond aforesaid, was, and yet is, the jailer of the county of Greenup, legal, ly appointed and qualified, and acting as such ; and this the plaintiff below prayed might be enquired of by the record and court.” To this replication no joinder appears.
Thus far, the copy presented to us represents the Case from the documents copied in it. The entries on record, after stating that special pleas were filed to the .number of five, adds, « and thereupon the plaintiff produced his joinders to the third and fourth [picas,] and his demurrer to the fifth, and the defendants their joinders thereto; all which are ordered to be filed.” The argument of the demurrer to the fifth plea, and the judgment thereon in favor of the defendants, next follow; a'withdrawal of the demurrer to the said fifth plea, and a replication thereto, and joinder to the repli. cation, and a continuance, of the cause.
At a subsequent term, the .following order appears: « This day came the parties by their attorneys, and the defendants produced their joinder to the replication to the fifth plea. On motion of the plaintiff, and upon the inspection of the record, it is considered by the court, that the fourth plea, and the matters and things therein contained, are not good and sufficient in law to preclude the plaintiff from having and maintaining his said-fiiition thereof against the said defendants.”
It is now assigned for error, that the court below erred in sustaining the demurrer to the fourth plea.
From the foregoing extraordinary history of there, cord, it is impossible to say whether the court overruled the said fourth piea on demurrer, decided against it on the imperfect, issue of mil lid record, or rejected the *211 plea on motion. Parts of the entry disposing of this plea, state it differently $ one, stating that it was “on inspection of the record another part, that “ it is not sufficient in law,” and a third, that it was done “ on motion of the plaintiff.” Besides, although the demurrer and the replication concluding to the court, are copied into the transcript, there is no note of either of them upon the record, that they were ever filed. .On the contrary, the record states that the plaintiff below filed “joinders” to all the pleas, except the fifth. This ambiguity- must have arisen, either from the extraordinary mode in which the plea was disposed of, or the unprecedented entries of the clerk, which were never afterwards corrected.
The defend, ants in a suit on a prison bonds bond, are estopped from pieadthat the given as jalier, was not in law and fact, jailer at the time.
We do not deem it material further to enquire, in which mode the plea was overruled, until we enquire into its validity. This much is certain, that the plea was not allowed to exist as a bar; and if it is invalid, it cannot be proper to reverse the judgment, for the purpose of again disposing, in another way, of a plea entirely harmless.
2. The plea is directly opposite both to the tenor and recitals of the bond set forth in the declaration, and even matter recited in a part essential, estops the party from gainsaying it by plea. It has been decided by this court, that the recital of an execution in such bond, precludes the party from denying there was such •execution $ and he cannot be more at liberty to controvert the office of the party, to whom he gave the bond for the purpose of enlargement. The plea was, there, fore, inadmissible, and it cannot be error in that court to jlispose of it, in a manner however singular.
One of the pleas denied the existence.of any prison rules demarked by the county court, on which issue was joined to the country. An order of court was produced,' appointing a person to demark these rules. The person so appointed executed a survey and returned a plat and certificate of the work, by course and distance, and referring to some buildings and other material objects on the ground. This was approved by the county court, and ordered to be recorded. The counsel for the defendants below, moved the court to instruct the jury to find for the defendants, on this is. sue, because the report of the surveyor was insufficients and not such as required by law, and particular^ *212 ly, .as no proof was adduced to prove that the said bounds or rules were ever marked, or that the survey- or made an actual survey, and set up stakes or other objects to designate the bounds. The court overruled this application, and instructed the jury that there were léeral orison rules established by said order.
The records of the county éourt, laying out an(i establishing the prison rules, are, as to their suffi ciency and construction, to be decided on by the court, where an ;ssue is male up on the plea, that no prison rules existed.
Jf a debtor committed to the prison rules depart thence, however .innocently, from ignorance of the real boundaries; however short the distance and sudden his return, his bond is for» iciticdo
*212 3. It is now contended, that this instruction was erroneous, and took from the ,piry the decision or a question prop! r for their consideration. Whether this issue relative to the existence of any prison rules established by the county court, was proper to be tried by the court only, or to be left to the jury as an issue of fact, we have not thought it necessary to determine; for, be this as it may, the documents which were ad. duced to prove that such rules were established, were matters of record, and, of course, their sufficiency and construction were proper for the decision of the court. No question appears to have been .made about the identity or uncertainty of the objects named therein, iipon the ground : and indeed, ft'om the natural and material objects described, there seems no room for doubt on this point. It is true, that as to.one angle there appears neither stake nor other object called for, except the line of the public square: hut this musí have been á notorious point. No doubt could be entertained, that any person might, by a, reasonable experiment or inquiry, have ascertained every point." Such appears to he "the fact, from the expressions of the witnesses, who looked at the survey on the trial; and it is evident that the debtor might have easily ascertained their position, so as to have kept within them, and not have forfeited his bond.
4. After evidence was introduced, showing that Crump had been without the bounds, he appears to have returned again ; and the inference, from some ol the facts proved, might be indulged, that he transgressed the bounds ignorantly and inadvertently. The court'instructed the jury, that they were bound to find the escápe, although the defendant, Crump, had stepped over (he bounds ignorantly and unintentionally, and thereafter remained therein until discharged by due course of law. The propriety of this instruction is questioned by the assignment of error.
In actions against sheriffs for the escape of prisoners, some latitude is allowed in their favor. Menee it *213 is said, that if the escape is negligent, and the sheriff, on fresh put suit, re-take the prisoner before action brought, he may be excused ; but it is otherwise, if action is brought before the recaption. So, if the prisoner r.eturns after a voluntary escape, the plaintiff may admit him still to be in execution, and have an action for a future escape. But in this latter case, he is not bound so to admit him, but may resort to his action. These doctrines, however, have resulted from the statutes, both of England and this country ? made to relieve, sheriffs from some of the rigid rules of common law, and are reasonable, when there is an attempt to make the officer responsible for the safe-keeping o'fan-"other. It is, however, clear, that the debtor himself and his securities are responsible for his conduct f and how far the officer would be responsible for a departure without the prison rules, except in cases where lie had taken an insufficient bond, or mused to assign the bond, is a point not clearly settled by authority, under our statutes. The prison nib s are for the benefit of the debtor, and he is bound to take notice of, and ascertain them, if practicable, aud most, break them at his peril; and it does not lie welt in bis mouth, to say, that without the assent or concurrence of the plaintiff in the execution, he had taken the rules, and yet was ignorant of them, and therefore bad a right to go where he pleased. Besides, a departure without the rules, however small, is a breach of the letter of the bond. If the true line is departed from, it wiR soon become a puzzling question, how far he may progress without danger. If he can plead ignorance and want of intention, the extent of his knowledge and the quo animo with which he transgressed, will soon become difficult questions for courts and juries, when the rule adopted by the court below, is more certain and definite, and cannot be ramified into niceties, osr embarrassed with numerous exceptions. With respect to-whát shall constitute an escape frqni imprisonment under execution, it has been adjudged, that if the prisoner is, at large lor ever so short a time, it is an escape, though the rule, on mesne process, is different— I Saunders 35, No. I. Neither can length of distance be more important. We, therefore, conceive that the court helow-did not err in the instructions given,
In a suit gainst ¡i plurality of defendants. some of whom are re turned not found, pleas purporting to bf filed by the defi-nd.airtss generally will not effect an ap. pearance for those v- turned, not form!; but will apply only to those on whom the process was relurned executed.
5. it is, however, assigned for error, that as the sheriff had returned four of the defendants « not found,” it was erroneous to proceed with the cause as to the others, till the suit, as to these, was disposed of. This assignment is .justified by the record. The only-way to avoid the effect of it, is by construing the re. cord to state that they appeared. The pleas and de.. murrers are drawn for the «defendants,” without naming them. So are the orders of court, as to their appearance. Unless, however, these pleas or orders named the defendants as appearing, who were not served with process, we conceive it improper.to include them under the general term «defendants,” and conceive that expression satisfied by the appearance of' those on whom the process was executed
According to the principles, then, settled by this court in the case ot Hardwick &c. vs. M’K'ee, 2 Bibb 595, the judgment must be reversed with costs, and the cause remanded for new proceedings, not inconsistent with this opinion.