Judge Marshall
delivered the Opinion of the Court.
This is an appeal by Hall from a judgment of restitution rendered against him, for a forcible detainer. The principal question is, whether the remedy by writ of forcible detainer is applicable to the case, and this depends upon the effect to be given to the following writing, executed by Hall to Haun’s heirs:—
“ I am now in possession of a piece of land on Elk- “ horn, the property of John Haun’s heirs, about four- “ teen acres, where I now reside. I occupy it as tenant “of said John Haun, from whom I received possession of “ said land, as his tenant, and do hereby bind myself to “ deliver possession of the premises aforesaid on the 1st “ of March, 1835, to said heirs.
“2d Sept. 1834. A. J. Hall.”
Evidence was introduced by Hall, tending to show that he, and his father before him, had occupied the land in question for many years, claiming it as their own, and that he had not, in fact, received the possession from John Haun — who appears to have been invested with the title of Hall by purchase, under a mortgage and decree of sale. But the Court instructed the jury, in substance, that, if Hall executed the writing above set forth, and if, at or after the expiration of the time therein mentioned, he had refused to deliver possession to Haun’s heirs, they should find for the plaintiffs in the warrant.
As it is essential to this conclusion, that Hall should have received the possession at some time, as the tenant of the plaintiffs, or their ancestor, (Stat. Law, 730-31; Morris vs. Bowles, 1 Dana, 97; Brewer vs. Peed, 6 J. J. Mar. 494; Mattingly vs. Lancaster, 2 Mar. 30; Nelson vs. Cox, Ib. 150.) it is apparent that, in giving this instruction the Court virtually disregarded, and excluded from *56 the jury, the evidence just referred to as tending to' establish a different state Of facts. And this can only be justified on the ground that the defendant Hall, was es-topped, by his written admission, from denying that he had received the possession as the tenant of Haun.
Regularly, a party intending to take advantage bf a writing of his adversary, to estop him from proving facts inconsistent with its recitals, should object to the evidence when it is offered. But, if the writing is brought in as evidence merely; advantage may be taken of the estoppel at any time while it is competent for the court to instruct the jury as to the effect of evidence.
The writing, being placed by statute on the footing of a sealed instrument, is, in its nature, such as may create an estoppel; and there being no proof conducing to show fraud or mistake in its execution, we are of opinion, that it is entitled to that effect in this case. Looking to the deed alone, there is, of course, no reason to question the truth of the recital as to the manner in which Hall received the possession; and, from the other evidence, we find that this recital constituted an essential part of the consideration for the acceptance of the deed by Haun’s heirs; that it settled a dispute between them and Hall, as to the time when the possession was to be delivered, and that it had the effect of quieting Hail in his possession,until the first of March following. Under these circumstances, it seems to be as inconsistent with sound morals,as it is with (he strict principles of law, that a party, after receiving the full benefit of his own admission and agreement of facts, entered into without fraud or mistake, should be permitted to controvert their truth, when the other party comes to assert his right, founded upon the same admissions
It has been often decided by this Court, that a party may be estopped by the recitals of his deed. Jones vs. Prewit, 3 Marsh. 303; Crump vs. Bennett, 2 Litt. 211; Peddicord vs. Hill, 4 Mon. 375. And although we have had some doubts whether the estoppel in this case ought not to have been taken advantage of at an earlier period; and in a different way, we are, upon reflection, inclined to the opinion that, as the matter of estoppel came out in evidence merely, and was to have its effect as evidence, the party relying on it might take advantage of it at any time while it was competent for the Court to express an opinion to the jury as to the effect of the evidence.
The recital, considered as an estoppel, furnishes such high and conclusive evidence of the truth of the fact *57 stated, that the party making the recital is not permitted to hake proof to the contrary. If the tenor and object of such proof were known when it is offered; it might doubtless be objected to and refused as inadmissible, and the doubt we have had, is whether the admission of the proof without objection was not a waiver of the objection, and whether it did not, in effect, place the question of fact before the jury free from the estoppel. But the true ground, as it seems to us, is that the evidence in op¿ position to the deed is wholly ineffectual; and that it may therefore, although admitted in the first instance without objection; be afterwards rejected, or excluded from the jury or disregarded by the Court in its instructions.
Decision refusing a continuanee approved:
The Court might undoubtedly have instructed the jury, that Hall was estopped to contradict the recital bf his deed, “that he had received the possession from Haun as his tenant;” and that the evidence going to contradict it was wholly ineffectual, and should be disregarded. And such being the substance and effect of the instruction given, we are of opinion that it was not erroneous.
Another question blade by the assignment of errors, relates to the propriety of refusing a cotinuance, on the application and affidavit of Hall; In regard to which, it is sufficient to say: first — that the affidavit does not show that proper diligence had been used in endeavoring to procure the testimony of the absent witnesses, especially when connected with the other facts presented to the Court on the question of continuance. And, second, —that the facts expected to be proved by the absent witnesses, could have no effect upon the merits or the result of this case. For, admitting that the decree under which Haun purchased the land was far too much and admitting — what is scarcely to be inferred froth the facts expected to be proved — that this excess was the consequence of Fraud — whatever ground these circumstances might afford for a proceeding in equity, they do not show, nor tend to show, that the writing relied oh was not the deed of Hall, and therefore sufficient to estop him by its recitals.
A trial was commenced, the evidence closed, and the court then adjourned to the next day—when one of the jurors failing to attend, the case-on motion of one party, the other objecting—was adjourned over to a future day of the term.—The defaulting juror was then brought in by attachment, and the others also appearing, the trial proceeded to a verdict and judgment. Held, that, as it does not appear that the party who objected was injured by any irregularity in the proceedings, and as the verdict was in strict conformity to the evidence, the judg’t should not be reversed; especially, as def’t made no objection to proceeding when the jury re-assembled, and did not make the unusual proceedings one of the grounds for the new trial for which he applied.
The only remaining point deemed important to be noticed, grows out of the fact, that, on the morning of the second day of the trial, which was Friday, the fifth day of the term, the evidence having been gone through on the previous day,—one of the jurors made default, and it was proved that he had said be would not return—whereupon, after waiting several hours, the Court, on motion of Haun’s heirs, adjourned the eleven jurors over till Monday following — which is stated to be the sixth day of the term — with permission to disperse; and issued an attachment against the defaulting juror, to coerce his attendence at the same time: at which time, the jurors being all present, the trial proceeded, and a verdict and judgment were rendered. The adjournment of the jury, with permission to disperse, was objected to by Hall, the traversor, who excepted, at the time, to the orders of the Court on the subject. But he does not appear to have objected to going on with the trial when the jury'met according to the adjournment. And, although he moved for a new trial, he did not make the adjournment of the cause and the dispersion of the jury, one of the grounds of his motion. Nor is it even suggested, that the verdict was in any manner affected, or the interest of the traversor in any degree prejudiced, by the proceeding now under consideration. On the contrary, under the instruction of the Court, which has been decided to be substantially correct, and paying due regard to the evidence, the jury were bound to find as they did; and a contrary verdict would have been set aside.
Under these circumstances, the objection, if not waived by the omissions which have been noticed, must be considered as purely technical, and ought not to avail any thing, even if the proceeding complained of were conceded to be erroneous, unless by the adjournment and dispersion of the jury, against the consent of one of the parties, the Court lost its power of proceeding with the trial at that term. Such a consequence is not contended for, and cannot be admitted.
Wherefore, the judgment is affirmed.