# Coldiron v. Good Coal Co., and Sixty Other Cases.

Feb. 17, 1939.

834

GOLDEN & LAY for appellants.

WILLIAM SAMPSON for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Harlan Circuit Court, finding the appellant, J. E. Coldiron, guilty of the forcible detainer of a mine house located upon the premises of the appellee, Good Coal Company. Fifty-eight other appeals involving identical questions against the same appellee were consolidated with this one and heard upon the same briefs. Two appeals against the Bardo Coal Company involve identical principles and were briefed with the cases against the Good Coal Company also. What is said in this opinion, therefore, will likewise dispose of the other appeals.

Appellant entered into the employ of the appellee company as a coal miner. Under date of February 17, 1937, he executed a lease with appellee providing (in part):

"That the lessor has this day let and leased unto the lessee mine house No. 8 and the lot same is on, which property is part of the mining camp and part of the mine equipment of the lessor at Wallins Creek, in Harlan County, Kentucky, said mine house to be occupied by the lessee as a dwelling

house, and as tenant of the lessor, for a term to continue so long as the lessee shall labor for the lessor, but when the lessee shall fail to begin, or after having begun, ceases to labor for the lessor for any cause, his right to occupy the premises shall at once cease and the lessee shall vacate the premises and deliver possession to the lessor at once without demand or notice.''

On September 15, 1937, appellee caused a warrant of forcible entry and detainer to be issued from the Harlan County Court against appellant. Appellant filed an answer to which a demurrer was sustained. He declined to plead further and judgment was entered against him. An appeal was prosecuted to the Harlan Circuit Court where a second answer and amended answer were filed. Demurrers were sustained to each of these pleas. Appellant was found guilty of forcible detainer and this appeal followed. There is no dispute as to the facts and the only question presented is whether or not the court properly sustained the demurrers to the various defenses.

Appellant insists (1) that appellee is engaged in interstate commerce and that he was wrongfully discharged by appellee as the result of unfair labor practices; that the National Labor Relations Board has exclusive jurisdiction to try this question and therefore that the courts are without jurisdiction to try the forcible detainer under the lease. (2) He alleges that the contract under which he leased the premises was not properly executed by the coal company and is void, that he is simply a tenant from month to month and was entitled to thirty days' notice to vacate. (3) By his amended answer in the Circuit Court he asserts that the county judge pro tem. was without jurisdiction to try the case because the regular county judge was in no way disqualified to hear and determine the matter.

We are of course bound by the decisions of the Supreme Court of the United States in the determination of the validity and scope of an act of Congress. Doubts which might naturally arise as to the power of Congress, in the regulation of interstate commerce, to deal with labor relations in manufacturing, production, or mining pursuits, as a result of the decision in Carter v. Carter Coal Company, 298 U. S. 238, 56 S. Ct. 855, 80 L. Ed. 1160, seem effectually to be allayed by the subsequent

decisions in National Labor Relations Board v. Jones & Laughlin Steel Corporation, 301 U. S. 1, 57 S. Ct. 615, 81 L. Ed. 893, 108 A. L. R. 1352, and Santa Cruz Fruit Packing Company v. National Labor Relations Board, 303 U. S. 453, 58 S. Ct. 656, 82 L. Ed. 954. Indeed, the Sixth Circuit Court of Appeals has applied these latter opinions to the very question of coal mining and sustained the jurisdiction of the National Labor Relations Board. Clover Fork Coal Company v. National Labor Relations Board, 97 F. (2d) 331. It is not for us to question the rationale of these decisions and we may assume for the purposes of this case that the National Labor Relations Board would properly take exclusive jurisdiction of the question of unfair labor practices by appellee as is asserted by the appellant.

However, there is nothing in the National Labor Relations Act, 29 U. S. C. A., Section 151 et seq., from which we can infer an intention by Congress to relieve the State Courts of the duty to determine questions involving landlord and tenant that arise entirely aside from labor practices just as they arose long before the Act became a law. "There is no inconsistency in the relation of master and servant with that of landlord and tenant." 16 R. C. L. 581. No provision is made for application by an employer to the Labor Board and no machinery is provided for the instigation of hearings by anyone except an employee or his representatives. The Act was plainly designed to give new rights to employees, not to abolish old ones open to every litigant.

It is expressly alleged that appellant is no longer laboring for the lessee. So far as the lease is concerned, its term has, therefore, expired. In the absence of the National Labor Relations Act, inquiry would not be pertinent anywhere concerning the cause of appellant's discharge. He was employed at the will of appellee and he might be discharged for any cause, whether good or bad, and the lease would be terminated. Cases where an employee tenant had a definite term other than the period of his employment are not, therefore, in point. The fact that appellant has been discharged for union activity is, as he alleges, a matter exclusively within the jurisdiction of the Labor Board, but he alone can secure a determination of that question from that body, and so far as this record discloses he has made no effort to do so. The courts can look only to the admitted fact that to all present intents and purposes the lease has expired,

and appellant is guilty of the forcible detainer of the premises. Any other conclusion would require that we examine into the propriety or impropriety of appellant's discharge which he admits we have no authority to do.

The fact that appellant alleges that he was discharged for union activity and that this allegation is admitted by the demurrer is not controlling for, as pointed out above, we are without jurisdiction to examine into the propriety of his discharge and even if the allegation were denied we would not be authorized to hear evidence thereon. The issue thus tendered would not be triable elsewhere than before the Labor Board. It is only by a finding of that board that it can be determined whether or not appellant is still an employee. His mere allegation of unlawful discharge certainly does not accomplish this purpose. The allegation that he is discharged is sufficient to show that the lease is terminated and he is therefore guilty of the detainer. If, in fact, appellant is not discharged, only the Labor Board can say so.

A plea in abatement of this proceeding might have been sustained with propriety if it were made to appear that appellant had applied to the Labor Board for relief and that that proceeding was still pending and was being prosecuted in good faith. We think a finding by the Labor Board to the effect that appellant was still an employee of the coal company would likewise be a complete defense here to the claim of forcible detainer. But the answer before us makes no such plea. It contents itself with the allegation of unlawful discharge, with which we have no power to deal, and the claim that the courts have no jurisdiction to consider a forcible detainer proceeding under these circumstances.

Obviously, we are concerned here solely with the relationship of landlord and tenant and not of master and servant. It is true that the tenancy under this contract is so far a mere incident to the employment that we would deem the finding of the Labor Board if one existed to be pertinent to the question of continuance of the term of the lease.

However, the Labor Board is given no power to grant or refuse a forcible detainer and the state courts are given no power to examine into the motives for appellant's discharge. The two bodies move in different orbits. Nothing that we may say here could preclude

action by the Labor Board within its exclusive jurisdiction. To determine that appellee was without right to bring this proceeding would be to deny it all relief so long as appellant chose to remain on the premises and make no application to the Labor Board. A determination to this effect, if appellant has in fact not been improperly discharged, would thus result in placing a burden upon appellee's business whether it be interstate or intrastate which was certainly not intended by the National Labor Relations Act.

We conclude, therefore, that appellant's proper remedy upon his discharge was to apply to the Labor Board for relief. We think it would have been the duty of the trial court then to sustain a plea in abatement pending the prompt determination by that body of its jurisdiction to hear the question, and, finally, of the merits of the controversy. On final determination of the question by the Labor Board it would then certainly be the duty of the court to give due regard to the findings made. Appellant has not followed this course and has therefore stated no defense to the proceeding on this score.

Appellant seeks to have the lease adjudged void because it was improperly executed by the corporation. Admittedly he entered under the lease and admittedly the corporation has accepted rent thereunder. Neither party will now be heard to say that the contract is invalid. In Swartzwelder v. U. S. Bank, 1 J. J. Marsh. 38, the bank had brought forcible entry and detainer proceedings against Swartzwelder who defended on the ground (amongst others) that he had leased the premises from an individual who leased from another acting as agent of the bank, but that there was no proof that the agency was created by the corporate seal. In disposing of this contention, Judge Robertson, speaking for the Court, said (page 39):

"If the tenant obtained possession from the bank, held as tenant under it, and recognized it as proprietor, the possession of the tenant was the possession of the corporation, although the agent who delivered the possession to the tenant, may have had no power of attorney authenticated by the corporate seal. The possession in fact, is the only question; and that can be as well proved without the authority to the agent by seal, as with it; and

even without any authority whatsoever; and was abundantly proved in this case." See, also, Hall v. Haun's Heirs, 5 Dana 55.

Appellant admits that he is a tenant of appellee. The contract fixes the terms of that tenancy. Even if it be conceded that the agent of the corporation did not have prior authority to execute the lease, certainly the corporation has ratified his action by its acquiescence and acceptance of rent under the contract. Catlettsburg & Buchannan Telephone Company v. Bond, 262 Ky. 106, 89 S. W. (2d) 859; City of Whitesburg v. Whitesburg Water Company, 257 Ky. 444, 78 S. W. (2d) 330. Neither party is in a position to question the validity of the execution of the agreement. Appellant therefore holds under the contract and not under the general rules provided by statute concerning tenancies at will or from month to month. The terms of the contract control the situation and we find nothing in it which violates any law. The mere fact that it contains provisions different from the statutory rules, enacted to be controlling where there is no express agreement, does not mean that it is illegal.

Finally, it is asserted that the county judge pro tem. was without jurisdiction to try the case. This objection was first raised by amended answer in the circuit court. The record before us shows that the regular county judge signed both the judgment and the traverse bond. If, in fact, he did not hear the cases, appellant has nevertheless had a trial de novo in the circuit court and could not possibly be prejudiced by such error, if it were error, at this time. In Cox v. Allen, 188 Ky. 598, 222 S. W. 932, it was held that the county judge pro tem. could not approve a traverse bond where the regular county judge was not absent from the county or disqualified and that the bond was, therefore, void. If we should apply this rule in the cases before us in which the traverse bonds were signed and approved by the pro tem. judge (forty-two of the appeals), it would simply result that the appeals would have to be dismissed rather than affirmed. Section 1059 of the Statutes, as it existed at the time when Cox v. Allen was decided, only authorized the appointment of a county judge pro tem. at particular times and not generally. The statute, however, was amended in 1930 and in at least two cases arising since that time we have upheld the validity of orders signed by the pro tem. judge when we could not

have done so if his acts were void. Louisville & Nashville Railroad Company v. Bays' Administratrix, 220 Ky. 458, 295 S. W. 452; Cornett v. Kelly, 271 Ky. 311, 111 S. W. (2d) 679. Plainly, the alleged acts of the judge pro tem. in the case at bar were at most voidable. His acts were at least those of a de facto officer. If appellant desired to raise the question of the right of the county judge pro tem. to try the case, he should have raised it when the case came up for trial in that court and not later. He could not speculate on the outcome of the county court hearing and then attack it in the circuit court for the first time.

The circuit court properly sustained the demurrer to appellant's answer.

Judgment affirmed.

Whole Court sitting.

Ratliff, J., dissenting.