## Miracle et al. v. Stewart.

May 2, 1939.

GOLDEN & LAY for appellants.

E. B. WILSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appeal presents the question of the legal sufficiency of the pleading of a number of miners to prevent eviction from their dwelling houses by the owner pending the determination by the National Labor Relations Board of their claim of his unfair and illegal labor practice toward them, contrary to the National Labor Relations Act, 29 U. S. C. L., section 151, et seq.

The appellee, D. D. Stewart, the owner of certain mine property, instituted the suit against R. L. Mattingly and the Dixie-Belle Coal Company to cancel a lease

thereof to Mattingly, assigned by him to the Company, for one year from February 4, 1937, and to recover stated sums due as royalties and advancements. The plaintiff asked that possession of the property be given him. A default judgment was rendered. It was adjudged that the defendants and all persons claiming through or under them were wrongfully in possession of the property and that a writ of possession should issue. The case was continued on the docket "for the purpose of rendering full and complete possession of the property to the plaintiff and for the granting of such further relief as may be proper in the premises."

Thereafter the plaintiff filed an amended petition in which George Miracle and thirty-three others were made parties defendant. The sheriff had made a return on the writ of possession that Mattingly and the Coal Company had ceased using the premises but that these men were in possession and claiming the right thereto. For that reason the sheriff was unable to deliver full and complete possession to the plaintiff. The amended petition, stating the abandonment of the property by the original defendants, charged that the new defendants were trespassers and had refused to vacate the premises. It asked that they be required to set up whatever claim they might have in the property and its possession; that same be held ineffective; and that the plaintiff have such processes of court as would be necessary to give him complete possession. The miners' motion to strike the amended petition, because filed after final judgment in the original suit, and their demurrer were overruled. The plaintiff's demurrer to their answer as amended was sustained and they declined to plead further. It was adjudged that whatever right of occupancy the miners may have acquired by virtue of their relationship with Mattingly or the Coal Company it terminated with the cancellation of the lease; that the men were wrongfully in possession of the property; that a writ of possession be issued commanding the sheriff to put the plaintiff in full and complete possession. The miners have appealed.

As to two essential elements of defense, it seems enough to say that the answer as amended may be regarded sufficient. One is that the lease to Mattingly, its assignment to the company and all proceedings in relation thereto were fictitious and constituted a scheme to have it appear that the lessee was the operator of the

mine and the employer of the miners, while in truth and in fact Stewart, the lessor, occupied that status. The other is that through these agents he had sought to prohibit the organization of a union affiliated with the United Mine Workers of America and had discriminated against the miners because they were members thereof; that through the guise of reclaiming the property as merely an inactive owner and having the mine ostensibly cease operation, Stewart would prevent the defendants from appealing to the Labor Board; that all this was an illegal fraud and sham, practiced to deceive, in order to obtain an undue advantage of the defendants and evict them from their homes; that it was to deprive the Labor Board of jurisdiction; and that the judgment which had been entered was a result thereof and should be set aside. It was pleaded that the acts of the plaintiff and his procedure constituted unfair labor practices within the terms of the National Labor Relations Act. It is, of course, understood that we are dealing only with allegations of the pleading which, for the purpose of applying the test of a demurrer, are to be regarded as true.

In Coldiron v. Good Coal Company, 276 Ky. 833, 125 S. W. (2d) 757, 759, involving the possession of miners' houses and forcible detainer proceedings, under a lease "for a term to continue so long as the lessee shall labor for the lessor," we recognized the right of the miners, under the Federal statute, to have the Labor Board determine whether or not the lessee was still, in fact, an employee of the lessor (in spite of a discharge resulting from unfair labor practices) and thus to affect the term of the lease. But we held because it was not shown that the men had instituted a proceeding under the statute to have that question adjudicated the duty of the State court to determine their right to possession of the houses was not affected and that the court must decide the case without considering the motive for the discharge. The opinion was expressed that had it been made to appear by a plea in abatement that the miners had applied to the Labor Board for a determination of their status and the proceeding was being prosecuted in good faith, the circuit court should have sustained the plea under the facts there presented pending the prompt determination by the Labor Board of the issues before it. There was no such plea in abatement in that case, and the judgment finding the miners guilty of forcible detainer was held proper. In the case at bar what may

be said to be that third essential element of defense was sufficiently presented by the answer as amended, namely, that a labor dispute existed; a complaint of a violation of the Labor Act by the plaintiff against the defendants had been filed and was then pending before the Labor Board, and that the proceedings were being diligently prosecuted in good faith. This was appropriately submitted in a plea claiming the right of the defendants to have the suit abated pending the final determination by the Federal authorities of the case before them.

However, it nowhere appears that the right of appellants to continue in the occupancy of the houses is fixed by the term of their employment. This is a deficiency in the defendants' pleading such as required that the demurrer be sustained. The answer as amended does not allege the right of occupancy of the buildings under any arrangement of landlord and tenant as an incident to the employment of the miners or under any other contractual relationship. It is alleged in substance and effect that the defendants had been employed to work for the plaintiffs and wrongfully discharged; that when the wrong should be righted by the Labor Board their status as employees would be restored; that they are now willing to work under their employment contract. The first amended answer stated that the defendants "were not tenants of R. L. Mattingly or the Dixie-Belle Coal Company at the time mentioned in this record, or at any time, but that they were and still are employees of R. L. Mattingly and Dixie-Belle Coal Company as stated in their original answer, and that the primary relationship between them, the said R. L. Mattingly and Dixie-Belle Coal Company, is that of employer and employee, and master and servant, and that the houses mentioned in these pleadings and the occupation of said houses are directly connected with the services and are a part of the coal plant and operation mentioned in the record, and same are and were directly connected with the services which these defendants were performing for the master."

This is the only allegation in the record concerning the defendants' right to continue in possession of the buildings. No lease or rental contract is claimed as in the Coldiron case. To say that the dwellings are a part of the mining plant and the miners' occupancy of them is "directly connected with their services" falls

short of showing that there was a right of possession so interrelated with a labor dispute, cognizable by the Federal law, as to require the State court to await the determination of the Labor Board. The mere right of occupancy of living quarters by an employee does not create the relation of landlord and tenant even though it is necessary for or incidental to the performance of services to be rendered or convenient for these purposes; e. g., a janitor in an apartment house or a caretaker of an estate. In such cases when the employee ceases to work his right to occupy the house also ceases. Angel v. Black Band Consolidated Coal Company, 96 W. Va. 47, 122 S. E. 274, 35 A. L. R. 568. But the pleading does not establish occupancy under such an arrangement. Where it appears that the occupation of the premises is more than an incident to service and the employer has parted with his control during the existence of the contract of employment, such as by regarding it as a part of the employee's compensation or collecting rent therefor, there is obviously created the landlord and tenant relationship. 35 C. J. 955. But the pleading does not allege that as a part of their contract of employment the defendants had the right to occupy the dwellings under such a contract so long as they were employed. The defendants do not say that their right of occupancy constituted part of their wages or was such an incident of their employment as might bring the case within the rule that if the failure of an employee to work was caused by the employer's wrongful act, then he cannot forfeit the lease or oust the employee. McGee v. Gibson, 41 Ky. 353, 2 B. Mon. 353.

It seems to us that it must have been definitely pleaded that the defendants' occupancy of these houses rested in some manner upon or by reason of the contract of employment which the defendants were maintaining had been wrongfully breached or interfered with. The answer as amended does not do that. There was nothing from which the court could determine the character of possession to be other than that of trespass.

It is argued that if the contentions above discussed be not sustained it must be held that the judgment of eviction is nevertheless erroneous. In the final amended answer it is pleaded alternatively that if it should be determined by the court that the labor relationship and contract between the parties does not permit the de-

164

fendants to hold the property, then that they "became tenants at will or sufferance" and entitled under Section 2326, of the Statutes, to at least thirty days' notice to vacate and no notice had been given or served upon them. This is but the pleading of a legal conclusion, devoid of allegations of fact.

Error in the judgment is also claimed upon the ground that the court was without authority to permit the filing of the amended petition against the appellants after final judgment had been rendered in the case. The situation is different from any that appears in the several cases cited in support of the argument. The judgment had been rendered against the original defendants only. As stated in the early part of the opinion, that judgment provided that the case should remain on the docket for the taking of such processes and orders as might be necessary to secure the restoration of the property to the plaintiff by the defendants then before the court and any other person claiming through or by them. We think the filing of the amended petition and all proceedings taken thereunder were authorized and appropriate.

For the reasons stated, the judgment is affirmed.

Whole Court sitting.