## Kirk v. Eastern Coal Corporation.

Feb. 14, 1941.

Jean L. Auxier for appellant.

J. P. Hobson, Jr., for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment finding the appellant, Ranson Kirk, guilty of the forcible detainer of a house and lot owned by the appellee, Eastern Coal Corporation, which the appellant occupied as tenant.

The appellee is engaged in the business of mining coal and owns a number of houses which it rents to its employees. Appellant, who was an employee of appellee, became the tenant of the Company on May 1, 1937, under a written lease providing for the payment of $10.50 monthly rental. It was provided in the lease that the tenancy created thereby was incident to the employment of appellant by appellee and it was further provided that appellee might terminate the lease at any time with or without cause and without notice.

A committee of the union to which appellant belonged, appellant being a member of the committee, conferred with appellee's general manager in March, 1938, and were advised that appellee was suspending operations indefinitely. At this conference the committee was advised that the employees might remain in the houses until the mine resumed operation or until they found work elsewhere and desired to move; that if they found other work the appellee would expect payment of rent; that those who did not find other employment might remain without regular payment of rent at the time specified in the leases but would be expected to pay back rent upon re-employment when operations were resumed.

Appellant received other employment and appellee, conceiving that he was able to pay rent, notified him that he must do so. No payment having been made, appellee on July 18 gave written notice to vacate within three days after receipt of the notice. Appellant did not vacate and on November 4 written notice was again given to him to vacate by November 15, which he did not do. A forcible detainer warrant was sued out in the police court on November 16 and appellant was found guilty. This finding was traversed to the circuit court where he was again found guilty.

It is contended by appellant that the tenancy, as it was incident to the employment, ceased on the suspension of operations of the mine and appellant's resulting unemployment and that a new tenancy was created by appellee's notification to the committee, of which appellant was a member, at the meeting in March, 1938. It is then argued that the new tenancy thus created was a tenancy at will, requiring one month's notice to terminate by virtue of Kentucky Statutes, Section 2326, and that the notices given were not sufficient for the purpose.

We will not concern ourselves with the question of sufficiency of the notices since our conclusion is that no new tenancy was created but that appellant continued to occupy the premises under the original lease by the provisions of which notice was waived.

It is settled that where a tenancy is incident to the employment the landlord *may* require a vacation of the premises on the cessation of the employment. Miracle v. Stewart, 278 Ky. 158, 128 S. W. (2d) 613. And, of course, when a new contract of tenancy is entered into the right of eviction depends on the character of tenancy created. In the instant case, however, we do not construe the action of appellee in extending indulgence to its employees as creating a new contract of tenancy. Appellant was holding under a written lease by which he might be required to vacate upon cessation of his employment, but whether or not he should vacate was optional with appellant. At the time of the meeting above referred to it was recognized by the parties that the relation of employer and employee was merely in suspension and that the employees would be returned to employment on the resumption of operations. The statement of appellee's general manager to the committee is open to no other construction than that the Company was permitting its employees to remain as tenants under their original leases and at the rental provided therein but was merely extending an indulgence as to the time and manner of paying the rent until such time as the mine resumed operations. The position taken by appellant would, in effect, penalize appellee by reason of its action in extending this indulgence, a position which we conclude is wholly unwarranted.

Since appellant was holding under the original

lease by which he waived notice to vacate, the judgment finding him guilty of the forcible detainer and ordering restitution of the premises was proper.

Judgment affirmed.