**S. W. PALMER–BALL et al., Appellants,**

**v.**

**ESQUIRE LIQUORS, INC., Appellee.**

Court of Appeals of Kentucky.

Feb. 2, 1973.

Herbert D. Liebman, Liebman & Ryan, John D. Darnell, Frankfort, for appellants.

Frank E. Haddad, Jr., Louisville, for appellee.

CATINNA, Commissioner.

The Alcoholic Beverage Control Board and a number of individuals appeal from a judgment of the Franklin Circuit Court overruling an order of the Board refusing a retail package liquor and beer license to Esquire Liquors, Inc., at 9418 Shelbyville Road, Louisville, even though the license had been approved by the county judge pro tem of Jefferson County.

Appellants seek reversal of the judgment on the following grounds: (1) Esquire did not secure the approval of the county administrator prior to filing its application with the Board; (2) the published notice of intention to apply for a license did not comply with statutory requirements; and (3) the order of the Board was supported by substantial evidence.

Although KRS 241.110 designates the county judge as county alcoholic beverage control administrator, a county judge pro tem has generally performed the duties of county administrator in Jefferson County, the judge pro tem conducting hearings and executing orders and other documents as acting county administrator.

Allen Schmidt, who had been county judge pro tem and acted as county administrator for more than eight years, conducted the hearing and approved the license application of Esquire Liquors, Inc.

Appellants question the authority of a judge pro tem to assume the duties of or act as county administrator. They claim that the county judge must discharge the duties of county administrator and, consequently, the approval of Esquire's license by the judge pro tem was void and the application should be denied.

The appellant-protestants appeared and testified at the hearing conducted by the county judge pro tem. At no time prior to or during the hearing did they, or their counsel, object to or question the authority or qualifications of the judge pro tem to conduct the hearing or to perform the duties of county administrator. His authority was first questioned at the hearing conducted by the Board upon the appeal from his actions as judge pro tem and acting county administrator. Having failed to object to the qualifications of the judge pro tem at or prior to the time of the hearing conducted by him, they have waived their right to question his authority for the first time upon the appeal to the Board or to this court. See Coldiron v. Good Coal Company, 276 Ky. 833, 125 S. W.2d 757 (1939); Martin v. Stumbo, 282 Ky. 793, 140 S.W.2d 405 (1940).

KRS 243.360(1) requires that an applicant shall, before applying for a license, advertise by publication, pursuant to KRS Chapter 424, his intention to apply. The contents of the advertisement are set out in detail, yet there is no requirement that the date, time, or place of the filing of the application be included. Appellant claims that Esquire's published notice is invalid as it failed to comply with KRS 424.130(1)(b) which requires that a notice be published not less than seven nor more than twenty-one days before the occurrence of the event.

In view of the fact that KRS 243.360(1) does not require that the date of the filing of the application be made a part of the advertisement, and such dates are not included, so much of KRS 424.130(1)(b) fixing the time within which publication is required does not apply to the publication of a notice of intention to apply for a license. Under these circumstances, the notice of intention to apply must be timely published so as to afford interested parties a present opportunity to protest.

KRS 243.360(1) requires that the notice state the name and address of the applicant, the location of the premises, and the type license involved. Esquire's notice

supplied all the information required. The purpose of this statute is to notify the public of the proposed use of specified property by named parties so that any member of the public is afforded an opportunity to file a protest against the issuance of a license for that location or to the named parties or both.

 KRS 243.370 requires that the application be first approved by the county administrator before filing with the Board. On December 4, 1969, the judge pro tem conducted a hearing which was attended by approximately forty protestants including the appellant-protestants. We are of the opinion that the notice was adequate and accomplished the very purpose contemplated by the requirement of publication. Bickett v. Palmer-Ball, Ky., 470 S.W.2d 341 (1971).

Esquire met all the statutory requirements for a license, but the Board, in the exercise of its discretion under KRS 243.-450(2), refused to issue the license upon the grounds that the premises were "in close proximity of three churches" (although not within 200 feet of any of them, the nearest being 550 feet distant); the premises front on a heavily traveled highway, thereby creating additional traffic hazards; two proposed new schools would be built in the proximity of the premises; and there were sufficient outlets for the sale of alcoholic beverages in the neighborhood for which the license is applied. (None of the outlets are within 700 feet of the premises.)

The evidence before the Board was primarily speculation and hearsay. Added traffic hazards were nothing more than what the witnesses feared might happen in the future. The evidence of the projected new schools in the area consisted of a letter from a school official to one of the protestants setting out his opinion of future plans. A field agent for the Board, after making the required investigation, recommended that the license be granted.

There was no evidence before the Board affording any reasonable ground upon which the Board might refuse to grant the license; therefore, the action in so refusing was an abuse of discretion. Bickett v. Palmer-Ball, Ky., 470 S.W.2d 341 (1971).

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD, and STEPHENSON, JJ., sitting.