Case 81.—ACTION BY WESLEY TEETS, BY NEXT FRIEND, AGAINST THE SNIDER HEADING MANUFACTURING CO. FOR DAMAGES FOR PERSONAL INJURIES.—June 6.

## Teets v. Snider Heading Manufacturing Company.

Appeal from Lewis Circuit Court.

JAMES P. HARBESON, Circuit Judge.

From a judgment dismissing the petition plaintiff appeals.   Reversed.

Action—Suing Corporation Instead of Partnership—Plea in
Abatement—Amended Petition—Costs.

1. Action—Suing Corporation Instead of Partnership—Plea in Abatement—Amended Petition—Where an action was brought by an infant by next friend against the Snider Heading Manufacturing Co., alleging that it was a corporation and service had on C. as its agent, to which a plea in abatement was filed by the company, denying that it was incorporated, but was a partnership, composed of M. S. & L. S. and C., doing business as the Snider Heading Manufacturing Co., it was error in the court to dismiss the action and refuse to allow an amended petition then tendered withdrawing the averment that the defendant was a corporation, and making the members of the firm doing business in that style as partners defendant to the action.

2. Same—The fact that the plaintiff might have brought another action after the dismissal of this, or that another summons against the parties constituting the partnership will be necessary, can not affect plaintiff's right to file the amended petition offered in the lower court.

3. Costs—But appellants should be required to pay all costs accruing in the lower court down to the filing of such amendment.

A. D. COLE for appellant.

We submit that the court erred in refusing to permit plaintiff to file the amended petition correcting a mistake in the name of the party sued:

1. Because under sec. 132, Civil Code, "the plaintiff may at any time before answer, amend his petition without leave."

2. It was clearly an abuse of discretion, under sec. 134, Civil Code, to refuse an amendment, for it is therein provided: "The court may at any time, in furtherance of justice and on such terms as may be proper, cause or permit a pleading or proceeding to be amended by adding or striking out the name of a party or by correcting a mistake in the name of the party, or a mistake in any other respect, or by inserting other allegations material to the case."

### AUTHORITIES CITED.

Heckman's Adm'r v. L. & N. R. R. Co., 85 Ky., 631; Champion v. Robertson, 4 Bush, 17; Leatherman v. Times Co., 88 Ky., 294; Commonwealth v. Netherland, 87 Ky., 195; Ky. Stats., sec. 2525; Civil Code, secs. 132, 134.

W. C. HALBERT for appellee.

### POINTS AND AUTHORITIES CITED.

1. The service of the summons upon C. S. Cottingham, as agent of the mythical corporation, did not bring him before the court individually. (Leatherman v. Times Co., &c., 88 Ky., 295.)

2. C. S. Cottingham, upon whom the summons was executed as agent of the defendant corporation, having filed his answer showing that there was no such corporation to sue, and that he was not agent for it, and disclosing in his answer the proper parties to sue, by the rules of pleading at common law the action should have been dismissed without prejudice, with a judgment for the costs of filing the answer. (1 Chitty on Pleading, 16th Ed., 599.)

3. The right of a complainant to amend his petition after answer filed so as to bring in new parties and sue them in the original action, is not an absolute right under our Code of Practice, but a right which the trial court has the power to control and limit in the exercise of a sound but broad discretion in each particular case, and no hard and fast rule has been or, in the nature of things, can be adopted to define this discretion of the trial courts; and unless it is manifest to this court that the trial court has abused this discretion, and the complaining party

Teets v. Snider Heading Manufacturing Co.

has been injured in his rights by its action, this court will no more reverse the judgment of the trial court in allowing or refusing such amendments than it would reverse it for its decision upon any other question of fact. (Greer v. City of Covington, 83 Ky., 416; Civil Code, sec. 134; Fleming v. Courtenay, 98 Me., 57 Atl., 592; Knapp v. McGowan, 96 N. Y., 75; McWilliams v. Anderson, 68 Ga., 772; Noll v. Swineford, 6 Pa. St., 187; Wilson v. Wallace, 8 Serg. & R., 53; Chamberlin v. Hite, 5 Watts, 373; Couteaa v. Hewitt, 10 Mo., 131; Leatherman v. Times Co., &c., 88 Ky., 292.)

4. The Civil Code (sec. 132) gives the plaintiff in an action the absolute right to amend his complaint at any time before an answer is filed, and the several decisions of this court upholding this right are not in point in the solution of the question involved here, as all such decisions were simply enforcing a right given by the Legislature, but not given after answer filed except allowed by the trial court under sec. 134 of the Code.

## Opinion by Judge Settle—Reversing.

The appellant, Wesley Teets, an infant, by his next friend, sued in the Lewis Circuit Court to recover damages of the Snider Heading Manufacturing Company for injuries sustained to his hand, and alleged to have been caused by the negligent manner in which its servants operated a saw in its manufacturing establishment. It was alleged in the petition that the Snider Manufacturing Company was a corporation engaged in the manufacture of barrel heading in Lewis county. Summons in the action was served on C. S. Cottingham, as agent of the company. At the appearance term an answer containing a plea in abatement was filed by the Snider Heading Manufacturing Company, in which it was denied that it was incorporated, or that its corporate name was as charged in the petition. It was, however, averred in the answer that the manufacturing plant and business in the name and style of the Snider Heading Manufacturing Company was and is a partnership composed of Martin Snider, Lawrence Snider and C. S.

Cottingham; that the Sniders are non-residents of the State, and that the firm name and style of the partnership was and is the Snider Heading Manufacturing Company. It was also admitted in the answer that appellant was injured while in the service of the firm composed of Martin Snider, Lawrence Snider and C. S. Cottingham, doing business as the Snider Heading Manufacturing Company, but not admitted that his injuries were caused by the negligence of the firm or its servants. The answer was subscribed and sworn to by C. S. Cottingham as a member of the firm in question, and it was not denied therein that he resides in Lewis county, is the manager of the partnership plant and business, and the only agent of the firm in this State. At the same term of the court, and immediately after the filing of the answer presenting the plea in abatement, appellants tendered in open court and offered to file an amended petition withdrawing the averments of the original petition that the Snider Heading Manufacturing Company was an incorporated concern, and making the members of the firm doing business in that style parties defendant to the action; but the court refused to allow the amended petition to be filed, and dismissed the action, of which appellants complain.

Sec. 134, Civil Code Practice, provides: "The court may at any time in furtherance of justice, and on such terms as may be proper, cause or permit a pleading or proceeding to be amended, by adding or striking out the name of a party; or, by correcting a mistake in any other respect; or, by inserting other allegations material to the case." * * *

Assuming that the facts stated in the petition constitute a cause of action, the question to be determined is, was the amendment offered in furtherance of justice? Manifestly, it could not have had

the effect to change substantially the claim of plaintiffs, or any defense on the merits that might have been interposed by the defendants. The firm, as such, was sued in the original petition in its proper name and style; but the partners composing the firm were not, as such, made defendants. The purpose of the amendment, therefore, was to correct the mistakes made in the original petition, in averring that the Snider Heading Manufacturing Company was a corporation, instead of a partnership, and that its corporate name was as indicated, and, further, to make parties to the action, as defendants, the individual members of the partnership constituting the firm, the style of which was correctly given in the original petition. In other words, the error of the plaintiffs was not that they sued the wrong parties, but that they did not include in the petition all the necessary parties.

We have not been referred to any case in which this court has held that an amendment such as was offered by the appellants could not properly be filed.

In the case of Leatherman v. Times Co., &c., 88 Ky., 292, 10 Ky. Law Rep., 896, 11 S. W., 12, 3 L. R. A., 324, 21 Am. St. Rep., 342, cited by counsel for appellees, the facts were in many respects unlike those of the case at bar. The action was one of libel. In the original petition the Times Co. was sued as a corporation, and an answer was filed in the name of the Times Co., which failed to disclose whether or not it was incorporated, but averred the truth of the alleged libelous matter charged. More than a year after the pleadings had been made up, the Times Co. filed an amended answer averring that it had not been incorporated. Thereupon the appellant filed an amended petition, averring his mistake in stating in the origi-

nal petition that the Times Co. was a corporation, and setting forth the fact that it was an unincorporated concern owned by Haldeman & Logan as partners, who were made defendants. Upon being summoned, they answered, alleging that more than one year had elapsed since the publication complained of, and pleaded the statute of limitation in bar of the action. A reply was filed by the appellant controverting the plea of the statute of limitation, to which a demurrer was filed by the appellees and sustained by the court, and the action dismissed. Upon appeal this court affirmed the judgment of the lower court upon the sole ground that the necessary parties—owners of the Times—had not been brought before the court until after the cause of action was barred by the statute of limitation. But in the case at bar no such delay occurred. Upon being informed that the Snider Heading Manufacturing Company was a mere partnership, instead of an incorporated company, appellants immediately offered an amended petition correcting the mistakes of the original petition, and making the members of the partnership parties to the action. In this case there is no question of limitation presented, the infant appellant being protected on that score by the disability arising from his infancy.

In Pike, Morgan & Co. v. Wathen, 78 S. W., 137, 25 Ky. Law Rep., 1264, the petition for a rehearing raised the question that the appellant company was sued as a corporation, which fact was denied by their answer, and that, as no proof was offered by appellee in the lower court to prove that it was incorporated, the judgment appealed from should have been reversed, and the action dismissed. Upon the question thus presented this court said: "Upon the issue of fact as to whether Pike, Morgan & Co. was a corporation there was no proof introduced. So we

have the corporation of Pike, Morgan & Co. sued; in the answer, a positive denial of any such corporation, no proof on the subject, and judgment for the plaintiff. Under the pleadings the burden was on appellee to prove that appellant was a corporation, and, having failed to make the proof, he should have failed to recover. * * * If Pike, Morgan & Co. is not a corporation, but is or was a partnership doing business under that name, then the proceeding was defective, for all suits against a partnership must be brought against the members by name. * * * On the return of this case the court should permit the parties to amend their pleadings if they desire. For these reasons the judgment of the lower court is reversed, and cause remanded for further proceedings consistent with this opinion.''

If it was proper, as held in the case, supra, to permit an amendment bringing the members of the partnership before the court after the firm had been sued as a corporation, and that fact put in issue by a denial and tried out, surely it can not fairly be contended that an amendment for the purpose of correcting an error in the original petition, and bringing the real and necessary parties before the court, offered to be filed in this case before an answer interposing a defense on the merits was filed, should have been rejected. The fact that appellants might have brought another action after the dismissal of this or that another summons against the persons constituting the partnership doing business under the name of the Snider Heading Manufacturing Company will be necessary, can not, in our opinion, affect their right to file the amended petition offered in the lower court.

Being of the opinion, therefore, that the lower court erred in refusing to allow appellants' amended petition to be filed, the judgment is reversed, and cause

remanded for further proceedings consistent with the opinion. But appellants should be required to pay all costs accruing in the lower court before and down to the time of offering to file such amendment.