## MILK WAGON DRIVERS UNION OF CHI-CAGO, LOCAL 753, et al. v. ASSOCIAT-ED MILK DEALERS, Inc., et al.

### No. 2335.

District Court, N. D. Illinois, E. D.

Dec. 22, 1941.

See also, 39 F.Supp. 671.

David A. Riskind, of Chicago, Ill., for plaintiff.

Pines, Stein & Beber, of Chicago, Ill., for Wrightwood Dairy Co.

Crouse & Campbell, of Chicago, Ill., for Borden Dairy Co.

Gann, Secord, Stead & McIntosh, of Chicago, Ill., for Sidney Wanzer Dairy.

Edward H. Murnane and James A. Harrington, both of Chicago, Ill., for Westen-United Dairy Co.

Arthur R. Seelig, of Chicago, Ill., for C. J. Wieland & Co.

Isadore Fried, of Chicago, Ill., for Capitol Dairy Co.

Montgomery, Hart, Pritchard & Harriott, of Chicago, Ill., for Bowman Dairy.

Packard, Barnes, Schumacher & Gilmore, of Chicago, Ill., for Colonial Milk Products and others, known as Associated Milk Dealers, Inc.

HOLLY, District Judge.

Plaintiffs, Milk Wagon Drivers Union of Chicago, Local 753, and James G. Kennedy, its vice-president, have filed herein, after an order had been entered that the original complaint did not state a case entitling plaintiffs to relief, what they call an "Amended complaint in Chancery" in which they seek to recover, for the benefit of individual members of the union, sums of money alleged to be due each such member as wages under the terms of an arbitration agreement entered into between the union and the employing corporations, some twenty-five employing corporations being named as defendants. It is alleged in the amended complaint that the suit is brought on behalf of 3,500 drivers, and that there is due each driver the sum of $7.08 per week for a period of fifteen weeks. The defendants have moved to dismiss.

The question presented by the motion to dismiss is whether the union may maintain this action to recover for the benefit of the individual members of the union the amount, if any, due each under the terms of the award of the arbitrators.

I am of the opinion that the union cannot maintain this action. It is the theory of the plaintiff that the agreement between the union and the employers constitutes a contract between them for the benefit of the members and that the union, as promisee in the contract, may maintain the action for the benefit of the members.

 There can be little doubt that a labor union, though unincorporated, is a legal entity, and that it may maintain an action to enforce the provisions of, or to restrain the violation of, a contract entered into by it with an employer when the employer has breached, or is threatening a breach of, some provision which by the courts is deemed of consequence to the union as an organization and where an action by an individual member of the union would not lie.

Thus it has been held that an action would lie by the union to prevent the breach of an agreement for a closed shop[1] to restrain a lockout of union members[2] to restrain discharge of members of the union in violation of the agreement.[3]

In these cases there was a valid agreement between the union and the employer for the benefit of the union, in which the union had a direct interest, and no action for violation could be maintained by the member affected.

 Here we have a different situation. The union did not enter into an agreement to furnish employees who would accept the award and work for the wages set by the arbitrators. The most that was accomplished was that the union induced the employer to agree that he would pay the stipulated wages to such members of the union as cared to accept employment on those terms. There was no contract with an employe until he accepted the terms offered by the employer by entering into employment. Then there was contract between the employer and the employe, a contract which the employe, not the union, may enforce.

This is not to say, however, that the union has no interest in the matter of the wages which were part of the subject of the contract between it and the employers. While it may not maintain a suit to recover the wages, it is interested in the proper construction of its contract with the employers. Whether the members of the plaintiff union are entitled to the wages for which the union sues depends upon the construction to be given a certain provision of the arbitration award. The union and the employers are in disagreement as to the meaning of this provision. In my opinion, though this question was not argued, the union has a sufficient interest in the contract to entitle it to maintain an action for a judgment declaring the proper construction of this provision, but not a suit to recover the wages.

 It is further urged by plaintiff that this action may be maintained as a class action. I held against this contention on the motion to dismiss the original complaint. Since that time the Supreme Court of Illinois in Peoples Store of Roseland et al. v. McKibben, 39 N.E.2d 995, which in my opinion is an analogous case, has ruled against the contention of plaintiffs.

The complaint does not state a case entitling plaintiffs to the relief prayed. An order accordingly will be entered December 23, 1941.

[1] Ribner v. Racso Butter & Egg Co., 135 Misc. 616, 238 N.Y.S. 132; Harper v. Local Union, Tex.Civ.App., 48 S.W.2d 1033, Dubinsky v. Blue Dale Dress Co., 162 Misc. 177, 292 N.Y.S. 898.

[2] Goldman v. Cohen, 222 App.Div. 631, 227 N.Y.S. 311.

[3] Simon v. Stag Laundry, 259 App. Div. 106, 18 N.Y.S.2d 197; President Self Service v. Affiliated Restaurateurs, 280 N.Y. 354, 21 N.E.2d 188.