SPERRY PRODUCTS, Inc., v. ASSOCIA-
TION OF AMERICAN RAILROADS
et al.

District Court, S. D. New York.

Jan. 12, 1942.

Stephen H. Philbin, of New York City (Paul R. Ames and John B. Cuningham, both of New York City, of counsel), for plaintiff.

George E. Middleton, of New York City (L. B. Mann and Robert C. Brown, Jr., both of Chicago, Ill., of counsel), for defendant association.

Louis J. Carruthers, of New York City, for Long Island R. Co.

Cravath, Degersdorff, Swaine & Wood, of New York City (W. F. West, of Cleveland, Ohio, of counsel), for New York, C. & St. L. R. Co.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City (H. A. Taylor, of New York City, of counsel), for Erie R. Co.

Clive C. Handy, of New York City, for New York Cent. R. Co. and another.

Richard W. Hall, of Boston, Mass., and E. R. Brumley, of New York City, for Boston & M. R. R.

Thomas L. Ennis, of New York City, for Delaware & H. R. Co.

CONGER, District Judge.

Plaintiff has sued for patent infringement the Association of American Railroads, six railroad companies (members of the Association) and an individual director of the Association.

All of the defendants have moved for dismissal, on the ground that the complaint fails to state a cause of action; and on the ground of improper venue and lack of jurisdiction over some of the defendants.

On the oral argument of these motions, it was agreed that the action be dismissed as to the Erie Railroad Company.

All of the defendants were originally served with process in the Southern District of New York. The complaint alleges that all of the defendants are inhabitants of the Southern District of New York. Three of the defendants (Boston & Maine, Delaware and Hudson, and the New York Central) are admittedly inhabitants of the Northern District of New York, and the New York Chicago and St. Louis is an

**662**

inhabitant of the Western District of New York. After these motions were initiated, but before argument, additional summons were served on these four railroads in the districts in which they are inhabitants. For the purpose of these motions, I shall regard the inhabitancy of each of these railroads, as properly pleaded.

I shall first take up the motion to dismiss brought on by the defendant Association of American Railroads.

■ The Association is an unincorporated voluntary association of about two hundred railroad companies. It may be sued in its common name for the purpose of enforcing against it a substantive right existing under the laws of the United States. Rule 17(b) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; see, also, United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762. The right sought to be enforced by the plaintiff herein is a substantive right under the Patent Laws of the United States; hence the Association can be sued in its common name for the alleged infringement of a patent.

The Association argues, however, that in a suit for patent infringement, the Court's jurisdiction is limited to Section 48 of the Judicial Code, 28 U.S.C.A. § 109, which provides, in part, as follows: "Patent Cases. In suits brought for the infringement of letters patent the district courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. * * *"

The complaint does not allege infringement in the Southern District of New York. So, in order for this court to have jurisdiction in this action, the Association must be an inhabitant of the Southern District of New York. The plaintiff claims that the Association can be sued in this district, because, although it, itself, as an entity, has no single district in which it inhabits and where it can be sued, nevertheless its status to sue or be sued is that of each member, and that inasmuch as one of its members (Long Island Railroad Company) is an inhabitant of this district, the Association may be sued here. In other words, plaintiff says that the Association is an inhabitant of this district, or an inhabitant of any district in which one of its members is an inhabitant. In furtherance of this theory, plaintiff, in the complaint, alleges that " * * * said association having a regular and established office and place of business * * * within the Southern District of New York, of which district it and some of its members are inhabitants * * *."

■ I cannot hold with the plaintiff on this point. While the Association may be sued in its common name, it is not itself a legal entity, and while under the Coronado case, supra, and Rule 17(b) there is capacity to be sued, there is no extension of the jurisdictional elements involved, and no extension of the statutory limitations on jurisdiction. Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115. It is not a legal person, but more in the nature of a partnership. People of Puerto Rico v. Russell & Co., 288 U.S. 476, 480, 53 S.Ct. 447, 77 L.Ed. 903.

■ The allegation in the complaint that the Association is an inhabitant of the Southern District of New York carries with it no weight and is meaningless. As the court stated in Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, at page 214, 25 S.Ct. 24, 27, 49 L.Ed. 160, "Here the averment is only that the defendant board of trustees is a citizen of and domiciled in Ohio; not that the trustees themselves are citizens of that state. That averment alone is not sufficient." (citing with approval Lafayette Ins. Co. v. French, 18 How. 404, 405, 15 L.Ed. 451). In the Lafayette case, the Court stated: " * * * This court does not hold, that either a voluntary association of persons, or an association into a body politic, created by law, is a citizen of a State within the meaning of the constitution."

■ The briefs contain many cases on the above proposition of inhabitancy or citizenship. The general consensus of these cases is that an unincorporated association, for the purpose of citizenship and inhabitancy, may not be treated as being a corporation, but is considered more in the nature of a partnership; and that the inhabitancy of a partnership or association is of the state or district in which the members thereof are citizens. See Sutherland et al. v. United States, 8 Cir., 74 F.2d 89. In Moore's Federal Practice, Vol. 1, p. 508, this hiatus between

capacity to sue and jurisdiction is recognized with this interesting comment: "A partnership or other unincorporated association is not a citizen for jurisdictional purposes. The fictional treatment that has been accorded to corporations has not as yet been extended to them." See also Moore on Federal Practice, Vol. 2, p. 2101.

The question then presents itself, whether or not this means the inhabitancy of all its members. I think it does, although this is rather a harsh rule.

Plaintiff's assertion that the association is an inhabitant of the Southern District of New York because one of its members is an inhabitant of this district is a very interesting one, and might be the practical solution of this question. But I cannot accept that proposition as sound. Plaintiff has furnished me no authority to that effect. Neither have I been able to find any. But I do find authority, at least by inference, for the contention of the Association that it is not a citizen, and its status in the federal courts must be determined by the citizenship of its members —meaning all of its members. For instance, in the case of Thomas v. Board of Trustees of Ohio State University, supra, the court held that the board was entitled to sue and be sued by their collective name, and would be bound by a judgment against it in that name, provided the bill had contained the added allegation that each individual trustee was a citizen of Ohio. In Levering & Garrigues Co. v. Morrin, supra, at page 118 of 61 F.2d, the court, after commenting upon Thomas v. Board of Trustees of Ohio State University, supra, stated: "In the case at bar neither allegation nor proof asserts that all the members of the defendant unions are citizens of states other than New Jersey and Pennsylvania." See, also, Ex parte Edelstein, 2 Cir., 30 F.2d 636, certiorari denied Edelstein v. Goddard, 279 U.S. 851, 49 S. Ct. 347, 73 L.Ed. 994.

The next question is whether or not the members of the Association may be sued in a class action under Rule 23, F.R.C.P. for patent infringement.

There is no question but that federal courts have exclusive jurisdiction of patent infringement suits. Wade v. Lawder, 165 U.S. 624, 17 S.Ct. 425, 41 L.Ed. 851; New Marshall Engine Co. v. Marshall Engine Co., 223 U.S. 473, 32 S.Ct. 238, 56 L.Ed. 513; Mohawk Mfg. Co. v. Cavicchi, 281 N.Y. 629, 22 N.E.2d 179, appeal dismissed for want of a substantial federal question in 308 U.S. 522, 60 S.Ct. 294, 84 L.Ed. 442. Federal jurisdiction in the within action is therefore not based on diversity of citizenship.

As I have pointed out above, and will hereafter point out in relation to the New York Central Railroad, Section 48 of the Judicial Code, 28 U.S.C.A. § 109, governs the jurisdiction of federal courts in patent infringement suits, and limits the place of suit to those district courts meeting the requirements of the section. There is no provision therein for a class action.

The cases cited by plaintiff deal with class actions in which the enforcement of a common law right, or a state statutory right, is sought, necessitating diversity of citizenship between the parties for the basis of federal jurisdiction. I cannot find precedent, nor has any been cited by counsel, in which a class action was brought to enforce a federal substantive right. The case of United Mine Workers of America v. Coronado Coal Co., supra, had the problem of the enforcement of a federal right against an unincorporated association as an entity, but was not a class action. Rule 17(b) F.R.C.P., as pointed out above, has now incorporated the rule therein laid down, so that an unincorporated association may sue or be sued in its common name.

It is true that an unincorporated association may be immune from patent infringement suit, in that (1) it is not an "inhabitant" of any one district in which suit may be brought, or (2) there was no infringement in a district in which it had a regular and established place of business, or (3) in a district in which there was an infringement by the association, it had no regular and established place of business. But the remedy is not by "class action", since there is no authority in the patent laws, or in the Judicial Code governing patent suits, for such a representative type of action. The remedy is by Congressional action, if jurisdiction cannot be obtained over an unincorporated association under Section 48 of the Judicial Code.

The basis of a patent infringement suit is upon the statutory enactments of Congress. To ascertain the proper jurisdiction of district courts enforcing the statutes, resort may not be had to a common law doctrine, such as "class actions".

To do so would be extending the statutory enactments beyond their scope. Consequently, if the plaintiff herein cannot obtain jurisdiction of the defendant Association as an entity under Judicial Code § 48, it is without a remedy to sue the Association. Its recourse may be by individual suits against those members allegedly infringing plaintiff's patent in the proper districts.

Rule 23, F.R.C.P. which applies to "class actions" is only a rule of procedure for the enforcement of substantive rights. Rule 82 states that the Federal Rules do not extend the jurisdiction or the venue of actions. Since jurisdiction of patent suits is governed by Judicial Code § 48, Rule 23 cannot broaden the jurisdiction of the district courts to include a "class action" of a patent infringement suit, when that section (§ 48) does not provide for it.

The New York Central Railroad also moves to dismiss for want of jurisdiction over it.

Plaintiff admits that the New York Central Railroad is an inhabitant of the Northern District of New York. Therefore no infringement having been alleged in the Southern District of New York, this court ordinarily would be without jurisdiction over this defendant under Judicial Code § 48. The plaintiff claims that the court has jurisdiction over this defendant by reason of the provisions of Section 52 of the Judicial Code, 28 U.S.C.A. § 113.

This section (§ 52) provides that where there is more than one district in the state and that there are two or more defendants residing in different districts of the state, every suit not of a local nature " * * * may be brought in either district, and a duplicate writ may be issued against the defendants, directed to the marshal of any other district in which any defendant resides."

Sections 48 and 52 are in direct conflict where a patent infringement action is involved, unless § 52 is to be considered an enlargement of the jurisdiction provided for in § 48.

The question to be determined is whether or not § 52 is applicable to patent suits. There is a conflict on this point, between the Circuit Court of Appeals for the Third and the Ninth Circuits. Melvin Lloyd Co. v. Stonite Products Co., 3 Cir., 119 F.2d 883, holds it is applicable; Moto-shaver, Inc., v. Schick Dry Shaver, Inc., 9 Cir., 100 F.2d 236 holds it is not.

I am convinced that I should follow the Ninth Circuit. Motoshaver, Inc., v. Schick Dry Shaver, Inc., supra; see, also, Cheatham Electric Switching Device Co. v. Transit Development Co., C.C., 191 F. 727; Potter et al. v. Hook Scraper Co., D.C., 8 F.Supp. 66; Salvatori v. Miller Music Co., Inc., D.C., 35 F.Supp. 845. A review of the authorities both before and after the adoption of Judicial Code § 48 indicates that this section came into being because of abuses of the law. An alleged infringer could be sued in any place where found. The abuses which this condition of affairs permitted were many and serious, and it was largely to correct them that the Act, Act of March 3, 1897, 29 Stat. 695, later Judicial Code § 48, was passed. The Act is a restrictive measure. Bowers v. Atlantic, G. & P. Co., C.C., 104 F. 887. Section 48 confers upon defendants in patent cases a privilege in respect to places in which suits may be maintained against them. General Electric Co. v. Marvel Rare Metals, 287 U.S. 430, 53 S. Ct. 202, 77 L.Ed. 408. I am of the opinion that Section 48 determines the jurisdiction in patent cases, and that Section 52 does not enlarge it. The complaint, therefore, as against the New York Central Railroad Company is accordingly dismissed.

The defendants, Boston & Maine Railroad, the Delaware And Hudson Railroad Corporation, and the New York, Chicago and St. Louis Railroad Company, not being inhabitants of the Southern District of New York, the complaint against them is accordingly dismissed.

The complaint is also dismissed as to F. E. Williamson, Director of Association of American Railroads and President of the New York Central Railroad Company. He is not alleged to have infringed individually and apparently is made a defendant in a representative capacity which in view of my holding herein, adds nothing to the cause.

The other defendant, Long Island Railroad Company, is an inhabitant of the Southern District of New York and can properly be sued herein for patent infringement. 28 U.S.C.A. § 109.

However, the complaint is ambiguous. I am in doubt as to whether or not this defendant is sued individually for

patent infringement, or is sued as a representative of a class.

The defendant Long Island Railroad Company contends that no claim is made against it, and submits a letter dated July 18, 1941, written to it by the plaintiff in connection with this law suit. One very pertinent paragraph of the letter is as follows: " * * * we (plaintiff) do not allege that your railroad individually committed any act of infringement against us inasmuch as we are quite certain that of the six Railroads listed as defendants in the Bill of Complaint only the New York Central Railroad has ever used the A.A. R. magnetic car X-201 * * *."

Ordinarily on a motion addressed to a pleading under Rule 12(b) (6) I would not consider anything outside of the pleading, and I have so held, although there are conflicting decisions on this point. See Eastman Kodak v. McAuley, D.C., 41 F.Supp. 873; but cf. Boro Hall Corporation v. General Motors, 2 Cir., 124 F.2d 822, decided January 8, 1942.

However, in view of the ambiguity of the complaint and because of my previous holding herein, I feel the complaint against this defendant should be dismissed.

Motions granted as indicated above. Settle orders on notice.