## Williams v. United Mine Workers of America et al.

June 1, 1943.

R. S. Rose for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The question presented by this appeal is whether a labor union may be an employer and, as such, subject to the provisions of the Fair Labor Standards Act of 1938.

The appellant, Sherman Williams, was a member of United Mine Workers Union No. 3892 at Verda, Kentucky, and he brought this action against the union and its officers to recover $1,422.46 for overtime and liquidated damages, $516 for expenses and time lost, and, in addition, a reasonable attorney's fee. The defendants, without entering their appearance for any other purpose, filed three special demurrers to the petition. The ground for the first special demurrer as stated therein was "because of defective and improper parties defendant, and because from the petition it is shown that the defendants sued are not and were not the employers of the plaintiff and are improperly named as defendants;" for the second "because the defendants are a voluntary association and the named defendants are only officers or agents of the voluntary association, and under the laws of the State of Kentucky a voluntary association is not suable;" and for the third "because the plaintiff has no right to institute or maintain this alleged cause of action." The court sustained all of the demurrers, the plaintiff declined to plead further, and his petition was dismissed.

The plaintiff in his petition alleged, in substance, that on or about June 25, 1940, he was employed by Local Union No. 3892 as its check weighman at the mine of the Harlan-Wallins Coal Corporation in Harlan county, and, as such employee of the union, it was his duty to see that the coal mined by various members of Local Union No. 3892 was correctly weighed and that each coal digger was given proper credit for the coal he mined and loaded; that such employment continued until about March 31, 1942; that he was to receive the sum of $5.76 a day and was required by contract to work at said wages only 7 hours a day; that during the contract period from June 25, 1940, to March 31, 1942, he was required by the defendants to work for them as check weighman and did work for them as check weighman for 504 hours overtime for which he has not been paid, in whole or in part, and said overtime was in excess of the 35 hours per week for which he had been paid; that under the provisions of the Fair Labor Standards Act of 1938, U. S. C. A., Title 29, sec. 201 et seq., he is entitled to compensation from the

defendants for time and a half overtime for 504 hours extra labor, amounting to $711.23, and is entitled in addition thereto to recover from the defendants an equal amount for unliquidated damages and a reasonable attorney's fee, as provided in sec. 16 (b) of the act.

Appellee's principal argument in support of the judgment is that it was never intended by the Federal Act, which appellant invokes in this case, to make a labor union subject to the act. It is argued that the act itself expressly excepts from its operation any labor organization or any one in the capacity of officer or agent of such labor organization. Section 3 of the act reads in part:

"As used in this Act—
\*    \*    \*    \*    \*

"(d) 'Employer' includes any person acting directly or indirectly in the interest of an employer in relation to an employee but shall not include the United States or any State or political subdivision of a State, or any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such labor organization."

Plainly it was not the purpose of Congress to exclude a labor organization from the provisions of the act when such organization is acting as an employer. On the contrary, the parenthetical clause in subdivision (d) of section 3 of the act expressly makes a labor organization, when acting as an employer, subject to the provisions of the act. According to the allegations of the petition, the relation of employer and employee existed. Local Union No. 3892 of the United Mine Workers of America was the employer and appellant was the employee. It is said by appellees that the United Mine Workers of America is an association of working men created for their mutual benefit and that it is not in the business of operating coal mines or acting as an employer, and they quote from the opinion in Diamond Block Coal Co. v. United Mine Workers of America, 188 Ky. 477, 222 S. W. 1079, which sets forth the purposes for which the organization was created. It does not follow, however, that it may not be necessary or proper for the organization, as such, to employ labor in order to carry out the purposes for which it was created and to protect and promote the interests of its members. The Wages and Hours Law was

enacted by Congress at the instance and for the benefit of organized labor, and it would be strange indeed if labor organizations, when acting as employers, were exempted from its provisions.

Appellees argue that a voluntary association, such as the United Mine Workers of America, cannot be sued in Kentucky in such a case as this. The common-law rule that a voluntary association is not a legal entity and cannot be sued in its common name distinct from that of its members has been applied to unincorporated labor unions in many jurisdictions. Annotation to 27 A. L. R. 786. A great majority of the state courts which have passed on the question have followed the rule that an unincorporated labor organization cannot, in the absense of a statute authorizing it, be sued in its society or common name. The Federal courts have held that an unincorporated labor union can be sued in its common name especially when a statute is involved which deals with the rights and privileges of labor unions and their members. United Mine Workers of America v. Coronado Coal Co., 259 U. S. 344, 42 S. Ct. 570, 66 L. Ed. 975, 27 A. L. R. 762; Milk Wagon Drivers Union, etc., v. Associated Milk Dealers, D. C., 42 F. Supp. 584; Bartling v. Congress of Industrial Organizations, D. C., 40 F. Supp. 366; Green v. Gravatt, D. C., 34 F. Supp. 832. Rule 17 (b) of the Federal Rules of Civil Procedure, 28 U. S. C. A. following section 723c, provides in part that ''a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States.'' This rule merely embodies the law as declared in the Coronado Coal Company case. Section 3 (a) of the Fair Labor Standards Act of 1938 defines ''person'' as ''an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons.'' That unincorporated associations which act as employers may be sued in their own names is a necessary implication from the act itself. Otherwise, it would be difficult to enforce the law as to such associations. In Harrison v. Herzig Building & Supply Co., 290 Ky. 445, 161 S. W. (2d) 908, it was held that state and Federal courts have concurrent jurisdiction as to rights of action for civil recovery under section 16 (b) of the act. Regardless of the rule in this state as to

524

suability of a voluntary association in its common name, the right sought to be enforced in the present case stems from a Federal law and that law controls. The rights and remedies in the courts with concurrent jurisdiction are necessarily the same.

It is insisted by appellees that in view of KRS 352.530 the appellant was not and could not have been the employee of the union, but necessarily was the employee of the coal loaders whose coal he checked and weighed. The statute provides that when a majority of the miners engaged in digging or mining coal in any coal mine request the owner of the mine to allow the miners to employ, at their own expense, a person to inspect the weights and see that all the coal mined is properly weighed and accounted for, the owner shall permit such person to be employed by the miners making the request. The statute also provides that the check weighman shall be elected by a majority of the members engaged in mining and loading coal; the election shall be properly conducted by secret ballot at the principal entrance to the mine; the appointment shall be approved by the county judge and the person so employed by the miners shall have free access to the mine scales while the mine is in operation and shall not be hindered or prevented from proper performance of his duties by the person who weighs coal for the operator of the mine nor any of the operator's agents or employees. The statute further provides that if a suitable person is not available among the employees of the mine to act as check weighman, then a man not employed at the mine may be selected as check weighman upon mutual agreement between the miners and the operator of the mine. The purpose of the statute is to require the mine owner or operator to permit a representative of the miners to use the mine premises when the representative has been selected in the manner prescribed by the statute. The statute does not preclude the selection of a check weighman by other methods if the method adopted is without objection from the mine owner. See Winco Block Coal Co. v. Stewart, 277 Ky. 125, 125 S. W. (2d) 738. There is no reason why a local union with the consent or acquiescence of the mine owner may not employ a check weighman for its members and agree to pay his wages out of its funds instead of having them deducted from the wages of the coal loaders. The question in this case is whether the union, as such, employed appellant. It

follows from what has been said that the trial court erred in sustaining the special demurrers to the petition.

The judgment is reversed.