**BOWLES, Price Adm'r, Office of Price Administration, v. MARX HIDE & TALLOW CO.**

**No. 766.**

District Court, W. D. Kentucky, Louisville Division.

March 31, 1945.

Fritz Krueger, of Mount Vernon, Ky., and Homer B. Parrent, of Louisville, Ky., for plaintiff.

Lawrence S. Leopold and Joseph J. Kaplan, both of Louisville, Ky., for defendant.

MILLER, District Judge.

This action was filed by Chester Bowles, Price Administrator, on November 4, 1944, against the defendant "Marx Hide & Tallow Company, a corporation, Louisville, Kentucky," as stated in the caption. The complaint states that the Marx Hide and Tallow Company is a corporation with its principal place of business located in the City of Louisville, Jefferson County, Kentucky. Summons was issued against "Marx Hide and Tallow Company, a corporation,

Louisville, Kentucky." The return of service reads as follows:

"I hereby certify and return, that on the 4th day of Nov. 1944 I received the within summons and executed same on Nov. 6, 1944, by delivering a true copy of summons and complaint to Sol. W. Marx, of the Marx Hide and Tallow Co., Louisville, Ky."

On November 25, 1944, Sol W. Marx filed a motion to quash the service and a plea in abatement, which he supported by an affidavit which stated that a corporation known as Marx Hide and Tallow Company was in existence and doing business under that name until June 30, 1943, at which time it was formally dissolved, and that at the time when the transactions referred to in the complaint occurred there was a partnership operating in the City of Louisville known as Marx Hide and Tallow Company composed of Sol W. Marx, M. F. Marx and F. L. Marx, which partnership had been in effect since July 1, 1943, and was in effect on November 6, 1944, the day upon which the summons was served on Sol W. Marx. The affidavit further stated that Sol W. Marx was not an officer nor an agent of any corporation styled Marx Hide and Tallow Company. The transactions referred to and complained of by the complaint were November 6, 1943, in Count 1, November 24, 1943, in Count 2 and April 13, 1944, in Count 3. On December 30, 1944, the Court entered an order quashing the return on the summons. On January 16, 1945, the plaintiff tendered an amended petition withdrawing the allegation that the Marx Hide and Tallow Company was a corporation and affirmatively alleging it was not a corporation but a partnership doing business in Louisville, Kentucky, at the times stated under the firm name and style of Marx Hide and Tallow Company. The Court permitted this amendment to be filed. No summons was issued or served under the amended petition.

On March 12, 1945, the plaintiff moved the Court to set aside its order quashing the return on the summons and to permit the Deputy Marshal to amend the return so as to read as follows:

"I hereby certify and return, that on the 4th day of November 1944 I received the within summons and executed same on November 6, 1944 by delivering a true copy of the summons and complaint to Sol W. Marx, an officer and Managing Agent of the Marx Hide & Tallow Company, a partnership, of Louisville, Kentucky."

This motion was supported by an affidavit which stated that at the time of the filing of the action and service of the summons the Marx Hide and Tallow Company was a partnership with Sol W. Marx an officer and general agent thereof, and that the only concern doing business under the name of Marx Hide and Tallow Company at any of the times referred to in the complaint was the Marx Hide and Tallow Company a partnership. The question presented is of more than academic importance because more than a year has expired since the acts complained of in Counts 1 and 2 of the complaint, and the ruling will accordingly decide whether or not such counts are barred by the Statute of Limitations.

Where a pleading describes a party to the action as a corporation when in fact it was not a corporation but a partnership, objection to the error should be made by a plea in abatement disclosing the misnomer and the party's true name, and the Court should permit the pleadings to be amended, if so desired, rather than dismiss the action. Teets v. Snider Heading Manufacturing Company, 120 Ky. 653, 87 S.W. 803; Stange v. Price, 191 Ky. 734, 231 S.W. 532.

If new parties are made defendants to the action by such an amendment, they must be thereafter served with summons. Leatherman v. Times Co., 88 Ky. 291, 11 S.W. 12, 3 L.R.A. 324, 21 Am.St. Rep. 342; Pike, Morgan & Co. v. Wathen, 25 Ky.L.Rep. 1264, 78 S.W. 137; Teets v. Snider Heading Mfg. Co., 120 Ky. 653, at page 659, 87 S.W. 803; Sweeney v. Greenwood Index-Journal Co., D.C., 37 F.Supp. 484, 487. If a new party is not brought before the Court but merely the misnomer is corrected, a new summons is not necessary. A judgment against the defendant in its incorrect name is valid. University of Louisville v. Hammock, 127 Ky. 564, 566, 106 S.W. 219, 14 L.R.A.,N.S., 784, 128 Am. St.Rep. 355; Studebaker Corp. v. Dodds & Runge, 161 Ky. 542, 544, 171 S.W. 167.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c provides in part as follows:

"In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which has no such

capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

Rule 4(d) (3) provides that service of process shall be made as follows:

"Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

Process against the partnership under its partnership name, and service on one of the partners brings the partnership and the partnership assets before the Court. Williams v. United Mine Workers of America, 294 Ky. 520, 523, 172 S.W.2d 202, 149 A.L.R. 505; United Mine Workers v. Coronado Coal Company, 259 U.S. 344, 383 through 392, 42 S.Ct. 570, 66 L.Ed. 975, 27 A.L.R. 762; Schmidt v. Peoples Telephone Union, 8 Cir., 138 F.2d 13; Sperry Products v. Association of American Railroads, 2 Cir., 44 F.Supp. 660, 662; Id., 133 F.2d 408, 410, 145 A.L.R. 694.

In this case the plaintiff was authorized by Rule 17(b) to sue the Marx Hide & Tallow Company as a partnership in its partnership name, without naming the partners individually. Describing the company as a corporation instead of designating it as a partnership was a technical misnomer which in no way affected the character of the claim or in substance changed the defendant. The action was against the Marx Hide & Tallow Company as an operating business in Louisville, Ky. There was only one company by that name in Louisville. The amendment changing the description of the company from a corporation to a partnership in no way changes the fact that the Marx Hide & Tallow Company is still the defendant. Ewart v. Cunningham, 219 Ala. 399, 122 So. 359; Farmers' & Merchants' Bank v. Bank of Glen Elder, 46 Kan. 376, 26 P. 680; Goldstein v. Peter Fox Sons Co., 22 N.D. 636, 135 N.W. 180, 40 L.R.A.,N.S., 566; McGinnis v. Valvoline Oil Works, 251 Pa. 407, 96 A. 1038; Craig v. San Fernando Furniture Co., 89 Cal.App.

167, 254 P. 784. The process can be amended to conform with the amended complaint. Rule 4(h), Rules of Civil Procedure. The service under that process is still in effect. The summons and complaint were delivered to Sol W. Marx of the Marx Hide & Tallow Company. The return can be amended by amplification of its original wording so long as it still correctly states what actually happened when process was executed on November 6, 1944. Rule 4(h), supra; and as so amended is effective as of the original date of service. Morris v. Cumberland Producing & Refining Co., 187 Ky. 15, 20, 218 S.W. 302; Miller v. National Bank of London, 273 Ky. 243, 249, 116 S.W.2d 320. Before the return can be validly amended it is necessary that the order quashing the return be set aside.

Plaintiff's motions of March 12, 1945, are accordingly sustained.