**JOINT COUNCIL DINING CAR EM-
PLOYEES LOCAL 370 et al. v. NEW
YORK CENT. R. CO.**

Civ. 45 C 1383.

District Court, N. D. Illinois, E. D.

Jan. 28, 1946.

Sidney A. Jones, Jr., of Chicago, Ill., for plaintiffs.

Sidney C. Murray, of Chicago, Ill., for defendant.

LA BUY, District Judge.

Petition is filed herein to enforce an award granted June 11, 1943 by the National Railroad Adjustment Board, Third Division. The petition alleges that on or about March 1938 the respondent entered into an agreement with the petitioners effective April 1, 1938 governing the hours of service and working conditions of the respondent's dining car employees; that by the agreement and existing practices the respondent obligated itself to furnish free meals to its dining car employees while on duty or while performing services for said respondent; that on or about March 1, 1941 respondent violated the contract by charging the employees for meals and lodging and deducting said amounts from their wages. A statement of grievance was filed by the Joint Council of Dining Car Employees Local 370 for and on behalf of Chester Budd and all employees of respondent similarly situated. The matter was referred by all of the parties to the National Railway Adjustment Board pursuant to the Railway Labor Act, 45 U.S.C.A. § 151 et seq. The Board sustained the claim of the employees and found the respondent had violated its contract. On the same date, June 11, 1943, the Board entered an order accompanying the award ordering respondent "to pay to the employee (or employees) the sum to which he is (or they are) entitled under the Award on or

before August 16, 1943." Respondent has refused and still refuses to abide by this decision of the Board and is continuing to deduct from the wages due employees for amounts charged for board and lodging. The petition prays the contract between the employees of respondent and respondent be specifically enforced and that a referee be appointed to determine the amounts of money wrongfully withheld from the employees and for a judgment in favor of each employee of said respondent plus interest at the rate of seven per cent per annum.

Respondent has filed a motion to dismiss the petition on two grounds: (1) want of proper parties, and (2) petitioner lacks authority to bring this suit.

Rule 17(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, determines the capacity of litigants to sue and be sued. The rule is as follows: "The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of his domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held; except that a partnership or other unincorporated association, which' has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the Constitution or laws of the United States."

■ Under the law of the State of Illinois, which follows the common law principle, an unincorporated association has no right at law to sue or to be sued in its common name. Kingsley v. Amalgamated Meat Cutter and Butcher Workmen of North America, Local Union No. 530, 323 Ill.App. 353; Montgomery Ward & Co., Inc. v. Franklin Union, Local No. 4, et al., 323 Ill. App. 590, 56 N.E.2d 476. This being the rule, petitioner must come within the limits of Rule 17(b) referring to suits "for the purpose of enforcing for or against it a substantive right existing under the Constitution or the laws of the United States."

Petitioner contends that the common law rule that an unincorporated association cannot sue in its own name is not applicable here because this is not a suit at common law but a suit to enforce an award under a special act of Congress, and that it is not asking for an award of money damages to it.

The ultimate question presented is whether the union may maintain this action to recover for the benefit of the individual members of the union the money due each under the award of the National Railway Adjustment Board.

In Milk Wagon Drivers Union of Chicago, Local 753, et al. v. Associated Milk Dealers, Inc., et al., D.C.N.D.Ill., 1941, 42 F.Supp. 584, 585, an action in equity was brought by the Local and its Vice-President to recover for individual members of the union sums of money due each member as wages under the terms of an arbitration agreement between the union and the employing corporations. A motion to dismiss was filed by respondent. Judge Holly, in sustaining the motion, stated as follows:

"* * * It is the theory of the plaintiff that the agreement between the union and the employers constitutes a contract between them for the. benefit of the members and that the union, as promisee in the contract, may maintain the action for . the benefit of the members.

"There can be little doubt that a labor union, though unincorporated, is a legal entity, and that it may maintain an action to enforce the provisions of, or to restrain the violation of, a contract entered into by it with an employer when the employer has breached, or is threatening a breach of, some provision which by the courts is deemed of consequence to the union as an organization and where an action by an individual member of the union would not lie.

"Thus it has been held that an action would lie by the union to prevent the breach of an agreement for a closed shop to restrain a lockout of union members to restrain discharge of members of the union in violation of the agreement.

"In these cases there was a valid agreement between the union and the employer for the benefit of the union, in which the union had a direct interest, and no action for violation could be maintained by the member affected.

"Here we have a different situation. The union did not enter into an agreement to furnish employees who would accept the award and work for the wages set by the arbitrators. The most that was accomplished was that the union induced the employer to agree that he would pay the stipulated wages to such members of the union as cared to accept employment on those terms. There was no contract with an employee until he accepted the terms offered by the employer by entering into employment. Then there was contract between the employer and the employe, a contract which the employe, not the union, may enforce.

"This is not to say, however, that the union has no interest in the matter of the wages which were part of the subject of the contract between it and the employers. While it may not maintain a suit to recover the wages, it is interested in the proper construction of its contract with the employers. Whether the members of the plaintiff union are entitled to the wages for which the union sues depends upon the construction to be given a certain provision of the arbitration award. The union and the employers are in disagreement as to the meaning of this provision. In my opinion, though this question was not argued, the union has a sufficient interest in the contract to entitle it to maintain an action for a judgment declaring the proper construction of this provision, but not a suit to recover the wages."

In the instant suit the action was brought by the Local on behalf of a named member-employee and others similarly situated. The interest of Joint Council Dining Car Employees Local 370 in this case is no greater than that in the Milk Wagon Drivers Union case, supra. Before any right to recover money accrued to a member of the union it is necessary that the employee enter upon a contract of employment in accordance with the terms of the agreement between the Local and the employer. The right to recover money results from the contract of employment between the employer and employee and only the employee can sue to recover money due him. The union has its right in the enforcement of its bargaining agreement, but has no interest as an organization in the money due the members of the union.

The motion to dismiss is sustained. An order may be drawn in accordance with the ruling herein.