## Mackey v. United States Coal & Coke Co.

March 21, 1947.

J. S. Forester, Judge.

Golden & Lay for appellant.

Sampson & Sampson for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellee, United States Coal & Coke Company, owns and operates a coal mine in Harlan County, Kentucky, in which business it was engaged at all times affecting this litigation. On the area of its mining plant

it has a number of cottages which it rents to its employees, one of whom on May 16, 1942, was the appellant, Riley J. Mackey. On that day he by written lease rented from the appellee, plaintiff below, cottage 774 under a written lease containing many stipulations, the sixth one being, ''The lessor may at any time determine this lease for any cause after five days' notice given to the lessee, and at the expiration of said five days the lessee agrees to surrender peaceable possession.'' The monthly rental for the house, as stipulated in the lease, was $6.45 and that ''if the lessee shall hold over, he shall be considered as holding from month to month subject to the terms of this lease.'' There are other stipulations relating to the furnishing of water, electricity, gas, etc. for the use of the lessee with stipulated prices to be paid for each service.

Plaintiff's mine is located at Lynch and is operated under a wage and working agreement between it and the United Mine Workers of America, which was duly entered into on December 15, 1941, and in effect at the time of the execution of the written lease between appellant and appellee whereby the latter rented to the former cottage 774. In the meantime the miners at appellee's plant had elected appellant their checkweighman, as is provided in the Wage Agreement supra in section 9 on page 9.

On February 20, 1946, after having notified appellant to vacate the premises he was occupying under the written lease supra and pursuant to its terms, the appellee as plaintiff below obtained from the Judge of Harlan County a writ of forcible detainer against appellant and his refusal to vacate its rented premises and he was given the requisite notice of the day set for the trial of the writ. In response thereto he entered on the day designated for the hearing what he termed a ''special answer'' in which he pleaded in abatement of the action for want of jurisdiction in the court to hear and determine it and also at the same time entered a plea of not guilty. His alleged plea in abatement, or special answer, was bottomed upon the theory which he specifically pleaded that because of the agreement with the United Mine Workers of America as well as because defendant had been elected checkweighman for the miners at appellee's plant all differences between appellee and all its

employees, including appellant as checkweighman, growing out of their relationship as employer and employee should be determined exclusively by the National Labor Relations Board under the Federal Fair Practice Act, 29 U. S. C. A. sec. 151 et seq., and that then obtaining possession of the house, occupied by appellant, by plaintiff constituted "unfair labor practice" under the Federal Act thereby depriving the Harlan County Court of jurisdiction in the premises. Appellant admitted his refusal to vacate the premises on demand of plaintiff made pursuant to the lease contract upon the ground that "the National Labor Relations Board, and it alone, has jurisdiction of the dispute and controversy involved in this case, and that this Honorable Court does not have jurisdiction and ought to so declare."

The case was tried on March 7, 1946, by the court, a jury being waived, the judgment reciting that "The court having heard the evidence and argument of the counsel is of the opinion that the defendant is guilty of the forcible detainer charged in the warrant herein" and formal judgment was rendered accordingly. A traverse was duly prosecuted by appellant to the Harlan circuit court wherein a stipulation was filed in conformity with what we have hereinbefore recited. Plaintiff demurred therein to the special answer in abatement which the court sustained and struck it from the record. Appellant refused to plead further followed by judgment of that court finding appellant guilty "of the forcible detainer charged in the warrant" and he prosecutes this appeal.

The Wage Agreement between plaintiff and appellee, and the United Mine Workers of America also contained the stipulation in its section 19 on page 16 that: "All rules, regulations, and conditions not specified under this contract to continue as they now exist during the life of this contract except where changed by mutual consent."

Defendant also alleged in his special answer and plea in abatement that it had been the custom theretofore for the plaintiff to furnish housing for the occupancy of its employees located at its mining plant and that plaintiff's attempt to oust him violated the union Wage Agreement; but that agreement upon which this contention is founded, excepts the operation of that al-

leged rule or custom in all cases "where changed by mutual consent" and, as we have seen, the lease contract between appellant and appellee, for the occupancy of cottage 774 expressly provided, and to which appellant consented, that he would vacate the premises at the end of each month upon receipt of the proper notice, which plaintiff gave in this case. Therefore the stipulation relating to custom and rules has no application to the facts of this case.

There exists two grounds in support of the judgment appealed from, the first of which is, that in the case of Coldiron v. Good Coal Co., 276 Ky. 833, 125 S. W. 2d 757, we held that the National Labor Relations Board possessed no jurisdiction over the relationship of landlord and tenant, its jurisdiction being limited to labor conditions and practices. That being true one of the supports for the alleged plea in abatement falls to the ground and constitutes no defense to this action. Furthermore we held in the same case that if there were a question involved within the exclusive jurisdiction of the National Labor Relations Board it would be the duty of the tenant in this character of case to make seasonable application to that board and not to remain inactive and continue his possession of the rented premises which the tenant had done in that case, nor did appellant pursue that course in this case.

The second reason for affirming the judgment is that in the case of Williams v. United Mine Workers of America, 294 Ky. 520, 172 S. W. 2d 202, 149 A. L. R. 505, a weighman elected by the members of the local Union, as was appellant in this case, became thereafter an employee of the union electing him, as specified in section 352.530 KRS, and as such he ceased to be an employee of the operator of the mine. As checkweighman he received his compensation from a fund donated by the members of the local union that elected him. That being true the National Labor Relations Board, a creature of the Federal Fair Practice Act, would not have jurisdiction to try this forcible detainer proceeding arising exclusively between landlord and tenant.

The sole grounds of defense having been shown to be without merit, it follows that the judgment was and is correct, and it is affirmed.